FILED
2026 Nov-23 AM 11:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY JEMISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **7:25-cv-1821-EGL** |
| | ) | |
| **COMMISSIONER OF THE INTERNAL REVENUE SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM OPINION

In October 2025, Timothy Jemison filed his first complaint in this case. Doc. 1. He alleged that in March 2024, he inquired with the Internal Revenue Service (IRS) about his tax account, and that the IRS informed him that he had not received economic impact payments ("the EIP payments") from 2020 and 2021. *Id.* at 2. The IRS sent him tax return forms, which he filled out and returned. *Id.* He subsequently received a letter from the IRS stating that it would not accept his claim, because it was received past the due date. *Id.* at 3. He sought $1,800 in damages. *Id.*

The Court ordered him to replead, Doc. 12, explaining that he had failed to state a basis for the Court's jurisdiction, *id.* at 6 (citing FED. R. CIV. P. 8(a)(1)), and that he had failed to provide a short, plaint statement of his claim, *id.* (citing FED. R. CIV. P. 8(a)(2)).

Jemison filed an amended complaint in January 2026. Doc. 13. This time, he used a form complaint that provided a "Basis for Jurisdiction" section. *Id.* at 3. In that section, he checked the "USA Defendant" box and named the IRS as the Defendant. *Id.* The Court again ordered him to replead, for two reasons. Doc. 20. First, the amended complaint failed to establish a basis for jurisdiction because it did not identify any applicable waiver of sovereign immunity. *Id.* at 2. Some courts have held that the government has waived sovereign immunity for suits regarding EIP payments, but that is available only to plaintiffs who have filed an administrative claim with the IRS. *Id.* (citing *Lovo v. Internal Revenue Serv.*, No. 22-cv-220, 2022 WL 1425489, at *6–7 (E.D. Cal. May 5, 2022)). And while a letter attached to Jemison's first complaint suggested that he filed an administrative claim, Doc. 1 at 6, he did not attach that letter to his amended complaint, nor did he reference any such claim, Doc. 20 at 2. Second, the amended complaint failed to state a claim upon which relief could be granted. *Id.* at 2. Specifically, it did not allege that Jemison was entitled to receive the claimed EIP payments. *Id.* at 2–3.

Now, Jemison has filed a second amended complaint. Doc. 21. He has again failed to identify a basis for the Court's jurisdiction. The second amended complaint identifies no applicable waiver of sovereign immunity. *Id.* Nor is the administrative claim letter attached. *Id.* He does not identify any other basis for jurisdiction. *Id.* The second amended complaint also fails to state a claim upon which relief may be

granted, because he has again failed to allege that he is entitled to receive the claimed EIPs. *Id.*

Because Jemison has thrice failed to file a sufficient complaint, despite detailed instructions from the Court regarding how to do so, *see* Doc. 12 at 7–8; Doc. 20 at 3–4, the Court **DISMISSES** his case **WITHOUT PREJUDICE**. Judgment will be entered by a separate order.

**DONE** and **ORDERED** this 23rd day of November, 2026.

**EDMUND G. LACOUR JR.**
UNITED STATES DISTRICT JUDGE